HOLMES, Judge.
The Circuit Court of Baldwin County found the Baldwin County Board of Education complied with § 16-24-12, Code of Ala.1975, in terminating the employment of appellant. The appellant, a nontenured teacher, appeals contending the board of education violated § 16-24-12. We affirm the action of the circuit court.
The teacher contends on appeal that the board of education did not terminate her employment but, rather, the superintendent of education terminated her employment. She further contends that § 16-24-12 prohibits the board of education from delegating its authority to terminate to the superintendent of education.
The teacher premises her contention that the board delegated its authority in this instance on the following letter:
February 27, 1978
Mrs. Susie C. Jordan
358 Flint Street
Mobile, Alabama 36604
Dear Mrs. Jordan:
Baldwin County Board of Education, on February 24, 1978, in regular session number 2, ratified and approved my action of February 15,1978 which terminated your teacher’s contract on that date.
Respectfully,
A. R. McVay
Superintendent
It is clear to this court that written notice of the termination of a teacher’s employment involves a delicate exercise of a wise discretion by the county board which the board can not delegate to the superintendent of education or anyone else. See § 16-24 — 12, Code of Ala.1975; Brown v. Board of Education of Blount County, 242 Ala. 154, 5 So.2d 629 (1942); Board of Education v. Baugh, 240 Ala. 391, 199 So. 822 (1941).
It is equally as clear to this court that in the instant case the Baldwin County Board of Education did not violate the above principle of law.
The board of education met on February 24,1978. (The superintendent, on February 15, 1978, among other things, told the teacher to leave the school grounds.) The minutes of that meeting reflect in pertinent part the following: “ . . . agreed with the findings of the Superintendent and is of the opinion that the best interest of the school required her dismissal for incompetency and willful neglect of duty. The vote was unanimous.”
Thereafter, the February 27th letter, as set out hereinabove, was sent to the teacher.
The February 27th letter is not. a paragon of clarity as to who in fact terminated the teacher’s employment. However, considering the evidence before the trial court, relating to the board’s action, this court can not say the trial court erred to reversal in finding that the board had not delegated its authority to terminate to the superintendent.
Put another way, the board of education in fact terminated the teacher’s employment at its February 24 meeting. The teacher was notified of this termination on February 27.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.